UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| DANIEL HENRY LANE, JR., | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 2:16-CV-21-JRG |
| | ) | | 2:06-CR-23-JRG- 1 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 52]. Petitioner bases his most recent request for relief on the United States Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague [*Id.*]. Respondent agrees Petitioner is entitled to relief [Doc. 53]. For the reasons stated below, the motion [Doc. 52] will be **GRANTED.**

I.  BACKGROUND

On December 10, 2005, Petitioner pointed a shotgun at his neighbor during a dispute about damage Petitioner had caused to his neighbor's yard [Doc. 39 ¶ 4]; he later pleaded guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [*Id.* ¶¶ 1, 4]. Petitioner went on to "knowingly and voluntarily waive the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255," except those that involve "claims of ineffective assistance of counsel or prosecutorial misconduct" [*Id.* ¶ 10(b)]. The court ultimately deemed Petitioner to be an armed career criminal under 18 U.S.C. § 924(e) [Presentence Investigation Report ("PSR") ¶ 28] based on his prior Tennessee convictions for reckless endangerment [*Id.* ¶ 39], aggravated assault [*Id.* ¶

52], and aggravated burglary [*Id.* ¶ 54]. He was sentenced to 180 months' imprisonment followed by five years' supervised release on October 20, 2008 [Doc. 49].

Petitioner did not appeal his conviction or sentence, and the judgment became final on November 6, 2008. *See Sanchez Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. Proc. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . judgment."). Petitioner filed the current § 2255 petition on February 8, 2016, alleging he is no longer an armed career criminal in light of *Johnson* [Doc. 52]. Agreeing that Petitioner is entitled to relief, Respondent filed a brief urging the Court grant immediate release from prison and amend the judgment to reflect an appropriate term of supervised release [Doc. 53].

## II. TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). The Sixth Circuit decision in *In re Watkins* makes clear that claims based on the Supreme Court's opinion in *Johnson* satisfy the third sub-category—assertion of a newly recognized right made retroactively applicable on

collateral review—and thus trigger a renewed one-year statute of limitations running from the date of that decision, June 26, 2015. *See* No. 15-5038, slip op. at 9–10 (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certifying a second petition). The petition [Doc. 52] falls safely within the one-year period for filing a timely request for relief.

## 1. STANDARD OF REVIEW AND ANALYSIS

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, 18 U.S.C. § 3583(b)(2). However, if the felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15 year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. § 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-

3

physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCAs use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns—and is thus invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the ACCA's residual clause. *Compare United States v. Ozier*, 796 F.3d 597, 603 (6th Cir. 2015) (finding district court did not err by categorizing defendant as an armed career criminal where all three predicate offenses qualified under the enumerated-offense and use-of-physical-force clauses of the ACCA), *with United States v. Bell*, 612 F. App'x 378, 379–380 (6th Cir. 2015) (finding *Johnson* precluded defendant from being sentenced as an armed career criminal because one of her three predicate offenses, aggravated assault, failed to qualify under the enumerated-offense and use-of-physical force clauses).

One of Petitioner's three predicate offenses was for felony reckless endangerment [PSR ¶ 39]. *See generally* Tenn. Code Ann. § 39-13-103 (outlining elements reckless endangerment). The offense does not qualify as a violent felony under the ACCA's use-of-force clause because it only requires reckless conduct. S*ee United States v. McMurray*, 653 F.3d 367, 375 (6th Cir. 2011) ("We conclude that the 'use-of-physical-force' clause of the ACCA . . . requires more than

4

reckless conduct."). In addition, reckless endangerment is not an enumerated violent felony under § 924(e). As such, the offense could only have qualified as a violent felony under the ACCA's residual clause. *See United States v. Bailey*, 246 F. App'x 480, 482 (6th Cir. 2008) (finding that Tennessee reckless endangerment qualified as a violent felony under the ACCA's residual clause). The *Johnson* decision thus dictates that the conviction can no longer be used to designate Petitioner an armed career criminal under § 924(e). As a result, Petitioner's 180 month term of imprisonment and five years' supervised release [Doc. 49] exceed his maximum authorized sentence as a non-ACCA offender under § 922(g)(1) by 60 months' incarceration and two years' supervised release. *See* 18 U.S.C. § 924(a)(1)(D)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than [ten] years."). The Court finds that he has demonstrated a clear entitlement to relief.

Where a § 2255 claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or granting the petitioner a new trial. 28 U.S.C. § 2255(b). For purpose of the current case, the Court finds correction of Petitioner's sentence to be the most appropriate form of relief. *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence.").

## IV. CONCLUSION

Petitioner has already served 119 months in prison, has 32 months of prior jail credit, and has earned approximately 15 months of good-time credit [Doc. 53 p. 5], a total exceeding the ten-year custodial maximum applicable to him post-*Johnson*. As a result, his motion [Doc. 52]

5

Case 2:06-cr-00023-JRG-MCLC   Document 54   Filed 02/17/16   Page 5 of 6   PageID #: 63

will be **GRANTED** and term of imprisonment will be reduced to a "time served" sentence. Their order will take effect 10 days from its entry so as to give the Bureau of Prisons time to process Petitioner's release. Further, the judgment dated October 20, 2008 [Doc. 49] will be **AMENDED** to reflect a term of supervised release of three years.

    **ORDER ACCORDINGLY.**

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE